UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LONNIE J. KAHOE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3150** |
| **BRANDON WILLIAMS, ET AL.** | **SECTION: "G"(4)** |

### ORDER AND REASONS

Before the Court are Plaintiff Lonnie J. Kahoe, Sr.'s ("Plaintiff") objections[1] to the Report and Recommendations of the United States Magistrate Judge assigned on the case.[2] Plaintiff, a pretrial detainee housed in the Orleans Justice Center, filed a *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Defendants New Orleans Police Department ("NOPD") Officer Brandon Williams ("Officer Williams"), former Orleans Parish District Attorney Leon Cannizzaro ("Cannizaro"), Orleans Parish Magistrate Judge Jonathan Friedman ("Judge Friedman"), Roger Kitchens ("Kitchens"), and Laura Cautlet ("Cautlet").[3] Plaintiff brings claims of false arrest and wrongful imprisonment.[4] The Magistrate Judge recommended that Plaintiff's claims against Kitchens, Cautlet, Cannizzaro, and Judge Friedman be dismissed with prejudice as frivolous, for seeking relief against immune defendants, and/or for failure to state a claim on which relief can be granted.[5] The Magistrate Judge further recommended that Plaintiff's

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 12.

[3] Rec. Doc. 4-1 at 1.

[4] *Id.*

[5] Rec. Doc. 12 at 11.

claims against Officer Williams be stayed until Plaintiff's pending criminal case is resolved.[6] Plaintiff objects to the Magistrate Judge's recommendation.[7] Considering the Complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record, and the applicable law, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's recommendation, dismisses Plaintiff's claims against Kitchens, Cautlet, Cannizzaro, and Judge Friedman with prejudice, and stays Plaintiff's claims against Officer Williams pending resolution of the state criminal proceedings.

## I. Background

*A.   Factual Background*

Plaintiff alleges that in January 2016, Officer Williams falsely arrested him as a favor to attorney Laura Cautlet and her niece Michelle Cowdrey.[8] Plaintiff claims that Magistrate Judge Friedman issued a baseless arrest warrant, and District Attorney Cannizzaro approved the charges.[9] Plaintiff also contends that Officer Williams illegally "stole" his motorcycle and "hid" the motorcycle in the evidence room at NOPD headquarters.[10] Plaintiff claims that he hired Attorney Kitchens to get the motorcycle released from police custody.[11]

---

[6] *Id.* at 11–12.

[7] Rec. Doc. 13.

[8] Rec. Doc. 4-1 at 2.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 4–5. Plaintiff also mentions that he learned that Kitchens was charged with extortion of bond money and fines along with Blair Bond Company, but the charges were later dismissed. *Id.*

Plaintiff further alleges that in 2018, while he was incarcerated after the arrest, a separate false charge of cyber-stalking was added which increased his bond amount.[12] The day after he was released on bond, Plaintiff contends that he was re-arrested for violation of a stay-away order.[13] Plaintiff claims that Cautlet and Cowdrey fabricated evidence for the arrest.[14] He notes that this "fraudulent" charge of cyber-stalking was dismissed in 2021.[15]

According to Plaintiff, additional defamatory, fraudulent, and malicious charges have been brough against him in state court.[16] He asserts that he is currently incarcerated on these false charges.[17] He claims that he was never allowed any discovery or a hearing on these charges.[18]

Plaintiff filed a Complaint in this Court on September 2, 2022.[19] Plaintiff requests that this Court subpoena all records and evidence related to his "stolen" motorcycle, the false cyber-stalking charge, the violation of the stay-away order, and his increased bonds.[20] He also seeks monetary reimbursement for his bond and legal fees, compensation for false imprisonment, and nine months

---

[12] *Id.* at 3.

[13] *Id.*

[14] *Id.*

[15] *Id.* at 5.

[16] *Id.* at 6.

[17] *Id.*

[18] Rec. Doc. 1 (deficient complaint). *See also* Rec. Doc. 4 (remedied complaint filed September 22, 2022).

[19] Rec. Doc. 4-1; Rec. Doc. 12 at 3.

[20] Rec. Doc. 4 at 5.

loss of use of his motorcycle.[21] He also requests a federal investigation into the current charges pending against him.[22]

### B. Report and Recommendation Findings

First, the Magistrate Judge recommended that Plaintiff's false arrest and false charges claims against Officer Williams be stayed pending resolution of his criminal case, as required under the *Heck* doctrine because the claims directly challenge the veracity and validity of the charges and evidence against Plaintiff in state court.[23] If Plaintiff is convicted, the Magistrate Judge noted that the parties may move to reopen the case and have the claims dismissed pursuant to *Heck*.[24] If the charges are dismissed or resolved in favor of Plaintiff, the Magistrate Judge noted that the parties may move to reopen the case for the Court resolve the claims against Officer Williams.[25]

The Magistrate Judge also recommended that Plaintiff's Section 1983 claims against Kitchens, Cautlet, Cannizzaro, and Judge Friedman be dismissed with prejudice as frivolous, for seeking relief against immune defendants, and/or for failure to state a claim for which relief can be granted.[26] With respect to Kitchens, the Magistrate Judge noted that Plaintiff does not allege that Kitchens was acting under color of state law when he provided legal representation to Plaintiff, or that he violated Plaintiff's constitutional rights.[27] Similarly, the Magistrate Judge found that

---

[21] *Id.*

[22] *Id.*

[23] Rec. Doc. 12 at 6.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 11.

[27] *Id.* at 7.

Plaintiff did not allege that Cautlet was acting under color of state law when she provided information to the police.[28] With respect to Plaintiff's claims against former District Attorney Cannizzaro, the Magistrate Judge found that he is entitled to prosecutorial immunity for his role in bringing and prosecuting charges against Plaintiff.[29] Finally, the Magistrate Judge found that Judge Friedman is entitled to judicial immunity because all claims against him relate to judicial acts done within his jurisdiction.[30]

## II. Objections

Plaintiff objects to the Magistrate Judge's recommendation.[31] Plaintiff states that Kitchens, Officer Williams, and Judge Friedman were all aware that false charges were brought against Plaintiff.[32] Plaintiff claims that Cautlet knowing assisted her niece in fabricating evidence against Plaintiff.[33] Plaintiff asserts that all of the defendants should be held liable for extortion, fraud, and racketeering.[34]

## III. Standard of Review

### A. *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the

---

[28] *Id.* at 8–9.

[29] *Id.* at 9–10.

[30] *Id.* at 10–11.

[31] Rec. Doc. 13.

[32] *Id.* at 1–2.

[33] *Id.* at 2.

[34] *Id.* at 4.

recommended disposition" of a Magistrate Judge on a dispositive matter.[35] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[36] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[37]

### B. Standard for Frivolousness

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[38] A complaint is frivolous if it lacks an arguable basis in law or fact.[39] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[40] It lacks a basis in facts if "the facts alleged are clearly baseless."[41] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[42]

### IV. Law and Analysis

The Magistrate Judge recommended that Plaintiff's claims against Kitchens, Cautlet, Cannizzaro, and Judge Friedman be dismissed with prejudice as frivolous, for seeking` relief against immune defendants, and/or for failure to state a claim on which relief can be granted.[43] The Magistrate Judge further recommended that Plaintiff's claims against Officer Williams be

---

[35] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[36] Fed. R. Civ. P. 72(b)(3).

[37] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objection from ten to fourteen days).

[38] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[39] *Id*.

[40] *Id*.

[41] *Id*.

[42] *See* 28 U.S.C. § 1915A; 42 U.S.C. §1997e(c).

[43] Rec. Doc. 12 at 11.

stayed until Plaintiff's pending criminal case is resolved.[44] Plaintiff raises a general objection to the Magistrate Judge's recommendation.[45] However, he does not raise any specific argument to dispute the bars to relief identified by the Magistrate Judge. After reviewing the claims *de novo* and for the reasons discussed in more detail below, the Court adopts the recommendation.

### A.     *Claims Against Officer Williams*

The Magistrate Judge recommended that Plaintiff's false arrest and false charges claims against Officer Williams be stayed pending resolution of his criminal case, as required under the *Heck* doctrine because the claims directly challenge the veracity and validity of the charges and evidence against Plaintiff in state court.[46] In *Heck v. Humphrey*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[47]

In *Wallace v. Kato*, the Supreme Court applied a modified version of *Heck* to pretrial detainees.[48] The Supreme Court held:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended . . . . If the plaintiff is ultimately convicted, and if the stayed

---

[44] *Id.* at 11–12.

[45] Rec. Doc. 13.

[46] Rec. Doc. 12 at 6.

[47] *Heck v. Humphrey*, 512 U.S. 477, 487–87 (1994).

[48] *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).

civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.[49]

Plaintiff's false arrest and false charges claims against Officer Williams directly challenge the veracity and validity of the charges and evidence against Plaintiff in state court. Therefore, these claims must be stayed pending resolution of the state court criminal proceedings.[50] If Plaintiff is convicted, the parties may move to reopen the case and have the claims dismissed pursuant to *Heck*. If the charges are dismissed or resolved in favor of Plaintiff, the parties may move to reopen the case for the Court to resolve the remaining claims against Officer Williams.

## B.  *Claims Against Kitchens and Cautlet*

The Magistrate Judge recommended that Plaintiff's claims against Kitchens and Cautlet be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted because Plaintiff does not allege that these attorneys acted under color of state law.[51] "Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . .'"[52] Therefore, to bring a claim under Section 1983, the defendant must show both that a constitutional violation occurred and that the defendant was acting under color of state law.[53] "[S]ection 1983 claims require that the conduct

---

[49] *Id.*

[50] On March 17, 2023, Plaintiff filed a notice of change of address, which indicates that he is no longer incarcerated. Rec. Doc. 14. However, Plaintiff has not filed anything to show that the state criminal proceeding has concluded.

[51] Rec. Doc. 12 at 7–9.

[52] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (quoting 42 U.S.C. § 1983).

[53] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."[54]

Accepting Plaintiff's allegations as true, Kitchens is an attorney, who was hired by Plaintiff to retrieve Plaintiff's motorcycle after it was seized by police. Therefore, Plaintiff does not allege any facts upon which this Court could find that Kitchens was acting under color of state law.

Cautlet is also an attorney, who Plaintiff alleges fabricated evidence against Plaintiff. The fact that a defendant may have provided information to the police does not make him or her a state actor for purposes of § 1983 liability.[55] "For a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors."[56] Specifically, the plaintiff must allege "an agreement between the private and public defendants to commit an illegal act" and "deprivation of constitutional rights."[57] Here, Plaintiff does not allege that Cautlet was a state actor, nor did he allege facts sufficient to demonstrate a conspiracy between Cautlet and state actors to commit illegal acts which deprive Plaintiff of his constitutional rights. Therefore, the Court concludes that Plaintiff has failed to state a claim against Cautlet under Section 1983.

### C. *Claims Against Former District Attorney Cannizzaro*

The Magistrate Judge recommended that Plaintiff's claims against former District Attorney Cannizzaro be dismissed because he is entitled to prosecutorial immunity.[58] "[A] prosecutor enjoys

---

[54] *Mills v. Crim. Dist. Ct. # 3*, 837 F.2d 677, 679 (5th Cir. 1988).

[55] *See Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) (holding that a private citizen who provides information to police is not a state actor).

[56] *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

[57] *Id.*

[58] Rec. Doc. 12 at 10.

absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."[59] Specifically, prosecutors have absolute immunity under § 1983 for conduct in "initiating a prosecution and in presenting the State's case."[60] Plaintiff's claims against Cannizzaro all relate to his former position as District Attorney for Orleans Parish. Cannizzaro was acting within the scope of his duties as District Attorney when he accepted Plaintiff's charges and initiated prosecution against him. Therefore, the Court concludes that Cannizzaro is immune from suit for his role in bringing and prosecuting the charges against Plaintiff.

### D. Claims Against Judge Friedman

Finally, the Magistrate Judge recommended that Plaintiff's claims against Judge Friedman be dismissed because he is entitled to judicial immunity.[61] It is well settled that judges are immune from liability for judicial acts done within their jurisdiction.[62] "[A] judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'"[63] "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'"[64] In other words, the Court must determine "whether it is a function normally performed by a judge."[65] Plaintiff's claims against Judge Friedman arise from his issuing of an arrest warrant and setting a bond. "[J]udicial

---

[59] *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).

[60] *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler* 424 U.S. at 431).

[61] Rec. Doc. 12 at 11.

[62] *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

[63] *Mireles v. Waco*, 502 U.S. 9, 12–13 (1991) (quoting *Stump*, 435 U.S. at 362).

[64] *Id.* (quoting *Stump*, 435 U.S. at 362).

[65] *Id.* (quoting *Stump*, 435 U.S. at 362).

immunity is not overcome by allegations of bad faith or malice . . . ."[66] Therefore, Judge Friedman is entitled to judicial immunity.

### V. Conclusion

For the reasons discussed above, Plaintiff's claims against Kitchens, Cautlet, Cannizzaro, and Judge Friedman must be dismissed with prejudice as frivolous, for seeking relief against immune defendants, and/or for failure to state a claim on which relief can be granted. Additionally, Plaintiff's claims against Officer Williams must be stayed until Plaintiff's pending criminal case is resolved. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation;

**IT IS FURTHER ORDERED** that Plaintiff's claims against Leon Cannizzaro, Judge Jonathan Friedman, Roger Kitchens, and Laura Cautlet are **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim upon which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Officer Brandon Williams are **STAYED** and the case is **ADMINISTRATIVELY CLOSED**. Either party may move to reopen the case within 60 days of the state criminal proceeding becoming final.

**NEW ORLEANS, LOUISIANA**, this 25th day of August, 2023.

*NANNETTE JOLIVETTE BROWN*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[66] *Id.* at 11.